FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

AUG 0 3 2015

CHRISTOPHER A. PRINE

CLERK _____

In The
Court of Appeals
for the
First District of Texas

Cause No.

In re Clinton Donald Johns, Relator

v.

Randy Wilson, District Court Judge, 157th District Court
for Harris County, Texas, Respondent

v.

William Stephens, Real Party-In-Interest

Petition for Writ of Mandamus in appeal for the Order of
the 157th District Court, Harris County, Texas, Cause No. 2015 17750

Clinton Donald Johns, #764814
3060 FM 3514
Beaumont, Texas 77705
Mark W. Stiles Prison
Sui Juris

# Table of Contents

| | Page |
|---|---|
| Petition for Writ of Mandamus | 1 |
| Table of Contents | 2-5 |
| Statement of Jurisdiction | 6 |
| Statement of the Case | 7 |
| Documents | 8,9 |
| Introduction- Petition for Writ of Mandamus | 10 |

## Constitutional Provisions

| | |
|---|---|
| Texas Constitution Article 1, Section 12 | 17 |
| Texas Constitution Article 1, Section 13 | 17,24,25 |
| Texas Constitution Article 1, Section 19 | 17 |
| Texas Constitution Article 5, Section 8 | 10,19 |

## Statutes

| | |
|---|---|
| 28 U.S.C.A. § 1746 (1) | 29 |
| Tex. Gov. Code § 24.008. | 22 |
| Tex. Code of Criminal Procedure | |
| Art. 1.08. | 17 |
| Art. 11.01. | 10,11,16,17,19,20,21,22,23 |
| Art. 11.03. | 14 |
| Art. 11.04. | 14,17,22,25 |
| Art. 11.05. | 10,18,20,22 |
| Art. 11.15. | 10,11,19,20 |
| Art. 11.23. | 20,22 |

|  | Page |
|---|---|
| Art. 11.27. | 10,16,20,22,28 |
| Art. 11.28. | 12,15,17,22,23 |
| Art. 11.30. | 12,15,22,23 |
| Art.11.31. | 15,21,22 |
| Art.11.32. | 15,21,22,23,24 |
| Art.11.33. | 11 |
| Art.11.34. | 11,12,15,23 |
| Art.11.35. | 11,15,16,17,23,28 |
| Art.11.36. | 10,11,12,20,22 |
| Art.11.40. | 10,11,15,16,17,22,23 |
| Art.11.42. | 22,23,27 |
| Art.11.43. | 20,21,22 |
| Art.11.44. | 10,11,17,20,21,22,23 |
| Art.11.61. | 10,11,12,15,20,22,23 |
| Art.11.64. | 10,14,18,19,20,22,25 |

## Rules

### Tex. R. APP. Proc.

| | |
|---|---|
| 26.1 (b) | 6 |
| 28.1. (a) | 6 |
| 34.5. (a)(1) | 8 |
| 35.1. (b) | 8 |
| 44.1. | 6 |
| 52.1. | 6 |

### Tex. R. Civ. Proc.

| | |
|---|---|
| 91a | 6, 15, 17,18, 23,24 |

|  | Page |
|---|---|
| 255 | 13 |

## Cases

| | |
|---|---|
| Chavfull, 945 S.W.2d at 185 | 13 |
| Click v. State, 118 Tex. Crim. 404, 407-08, 39 S.W.2d 39, 41 (1931) | 13, 14 |
| City of Celina v. Dynavest Joint Venture (App. 3 Dist. 2008) 253 S.W.3d 399 | 22 |
| Downes v. Bidwell, 182 U.S. 244 (1901) | 25 |
| Dubia Petroleum Co. v. Kazi, 12 S.W.3d 71 (Tex. 2000) | 14, 21 |
| Ex parte Ainsworth, 27 Tex. 731, 732 (1865) | 13 |
| Ex parte Banks, 769 S.W.2d 547 (1989) | 14, 25 |
| Ex parte Hargett, 819 S.W.2d 866 (Tex. Cr. App. 1991) | 6, 12, 16 |
| Ex parte Ormsby, 676 S.W.2d 130 (Cr. App. 1984) | 19 |
| Ex parte Villanueva, 252 S.W.3d 391 (Tex. Crim. App. 2008) | 18 |
| Ferrell, 248 S.W.3d at 159 | 24 |
| Hall v. State, 81 S.W.3d 927 (Tex App.—Dallas 2002) | 21 |
| Hill v. Court of Appeals, 34 S.W.3d 924, 927 (Tex. Crim App. 2001) | 13 |
| Hogue v. Propath Laboratory, Inc., 192 S.W.3d 641 (App. 2 Dist. 2006) | 17 |
| In re Davis, 990 S.W.2d at 457 | 13, 25 |
| In re Kevin J. Smith (Tex. App.—Houston [14th Dist.] July 3, 2008) | 20 |
| In re Piper, 105 S.W.3d 107 (Tex. App.—Waco 2003) | 6, 12, 13, 16, 18, 25 |
| In re Sullivan, 157 S.W.3d 911, 915 (Tex. App.—Houston [14th Dist.] 2005) | 19 |
| In re Tex. Dept. of Trans. (TxDoT) No. 06-0289 (Tex. Mar. 9, 2007) | 26 |
| IT-Davy, 74 S.W.3d 855, 856 | 24 |
| Johnson v. City of Fort Worth, 774 S.W.2d 653, 656 (Tex. 1989) | 19 |
| Kozaki v. Knize, 883 S.W.2d at 762 (Tex. App.—Waco 1994) | 16, 25 |
| Le Croy v. Hanlon, 713 S.W.2d 335, 341 (Tex. 1986) | 26 |
| Nat'l Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 2000) | 19, 20 |

| | Page |
|---|---|
| Razo v. Vargas, 355 S.W.3d 866 | 19 |
| Russello v. United States, 464 U.S. 16,23, 104 S.Ct. 296 (1983) | 25 |
| Slaton v. State, 981 S.W.2d 208 (Tex.Crim.App. 1998) | 19 |
| St. Luke's Episcopal Hosp. v. Agbor, 952 S.W.2d 503,505 (Tex.1997) | 20 |
| State ex. rel. Curry v. Gray, 726 S.W.2d 125,128 (Tex.Crim.App. 1987) | 18 |
| State ex. rel. Holmes v. Court of Appeals, 885 S.W.2d 389,394 (Tex.Crim.App. 1994) | 25 |
| Tex. Ass'n of Bus. v. Air Control Bd., 852 S.W.2d 440 (1993) | 24,26 |
| Tex. Dept. of Parks and Wildlife v. Miranda, 133 S.W.3d 217,226 (2004) | 22 |
| TSU v. State Street Bank and Trust Co., 212 S.W.3d 893 (Tex.App.-Houston [1st Dist.] 2007) | 20 |
| Willard v. Davis, 881 S.W.2d 907 (App. 2 Dist.1994) | 17 |
| | |
| Prayer for Relief | 27,28 |
| Affidavit | 29 |
| Verification | 29 |
| Certificate of Service | 30 |

## Statement of Jurisdiction

This Court has jurisdiction to hear this cause pursuant to Tex. R. App. P. 44.1. and 52.1.. Relator states that this Court's jurisdiction is established by precedent law.

"In a case where a judge refuses to issue the habeas corpus or denies an applicant the requested hearing on the merits of his claim, an applicant's remedies are limited. Some remedies available to an applicant in that situation are to present the application to another district judge having jurisdiction, or under the proper circumstances to pursue a writ of mandamus."

Ex parte Hargett, 819 S.W. 2d 866 (Tex. Cr. App. 1991); In re Piper, 105 S.W. 3d 107 (Tex. App. – Waco 2003).

Relator filed a Petition for Writ of Habeas Corpus on December 29, 2014, assigned to the 157th District Court for Harris County, Texas, cause no. 201474191. The real party-in-interest William Stephens filed a Motion to Dismiss for lack of Subject Matter Jurisdiction, on February 2, 2015. The Respondent Judge Randy Wilson dismissed the habeas claim with prejudice on February 18, 2015.

Relator reapplied and filed his petition for habeas corpus on March 30, 2015, assigned to the 152nd District Court for Harris County, Texas, cause No. 201517750. An order for transfer was issued April 1, 2015, transferring the case back to the 157th District Court. Real party-in-interest William Stephens filed a Motion to Dismiss pursuant to T.R.C.P. 91a, on May 18, 2015. Respondent granted the motion to dismiss with prejudice on July 1, 2015.

Relator now files this Petition for Writ of Mandamus to appeal the Order signed July 1, 2015. Notice of Appeal has been filed within 30 days. Tex. R. App. P. 26.1.(b) and 28.1.(a) for an accelerated appeal.

## Statement of the Case

Clinton Donald Johns, Relator, is filing a Petition for Writ of Mandamus against Judge Randy Wilson, 157th District Court for Harris County, Texas and William Stephens, Real party-in-interest, Director for the Texas Department of Criminal Justice.

Relator seeks mandamus relief from respondent's refusal to perform clearly ministerial duties pursuant to state law, in the processing and adjudication of relator's petition for writ of habeas corpus, whereas relator is being deprived of his liberty by illegal and unlawful restraint in the Texas Department of Criminal Justice by William Stephens. Respondent dismissed relator's request for examination and hearing for relief by habeas corpus in violation of clearly established law.

Real party-in-interest, William Stephens refused to perform clearly established ministerial duties pursuant to state law, in obeying the writ of habeas corpus and making the return required by law after being served process. William Stephens filed motion to dismiss, which was granted by the respondent in violation of clearly established law.

## Document(s)

The following documents are incorporated by reference herein. Relator has filed a 'Notice and Request for Clerk's Record's' pursuant to Tex.R. APP. P. 35.1. (b) with the Post Judgment Dept., P.O. Box 4651, Houston, Texas, 77210. Relator has requested the clerk to prepare a certified copy of the trial court's record's for the filing of this mandamus with the clerk of the First Court of Appeals within ten days pursuant to Tex.R. APP. P. 34. 5 (a)(1). Notice has also been given, the First Court of Appeals clerk for receipt of these records. Notice was filed July 18, 2015.

The following documents referenced below are listed in chronological order with regard to the stated facts and allegations of Relator's mandamus filing.

Document(s):

Doc. 1 - Petition for Writ of Habeas Corpus filed 3/30/2015       6 pgs

Doc. 2 - Exhibit A: Petition for Writ of Habeas Corpus filed 12/29/2014     4 pgs

Doc. 3 - Exhibit B: Defendant's Motion To Dismiss For Lack of Jurisdiction filed 2/2/2015 6 pgs

Doc. 4 - Exhibit C: Plaintiff's Reply To Defendant's Motion To Dismiss For Lack of Jurisdiction filed 2/10/2015   10 pgs

Doc. 5 - Motion To Issue Writ of Habeas Corpus filed 12/29/2014, refiled 3/30/2015  19 pgs

Doc. 6 - Brief In Support Thereof Clinton Donald Johns' Petition For Writ of Habeas Corpus filed 12/29/2014, refiled 3/30/2015   64 pgs.

Doc. 7 - Motion For Bench Warrant filed 12/29/2014, refiled 3/30/2015   1 pg

Doc. 8 - Motion To Order Release On Bond filed 12/29/2014, refiled 3/30/2015   3 pgs

Doc. 9 - Affidavit of Clinton Donald Johns Jr. In Support of Petition For Writ of Habeas Corpus filed 12/29/2014, refiled 3/30/2015   3 pgs

Doc. 10 - Affidavit of Jaunetta Johns In Support of Petition For Writ of Habeas Corpus filed 12/29/2014, refiled 3/30/2015   3 pgs

Doc. 11 - Citation issued by the 157th District Court, April 22, 2015   1 pg

## Document(s)

Doc.12- Officer's Return For Certified Mail 1pg

Doc.13- United States Postal Service, Delivery Confirmation w/t Signature Recipient E.S. Ivey. 1pg

Doc.14- General Fee Inquiry form 1pg

Doc.15- Notice and Acknowledgement of Receipt of Citation and Petition for Writ of Habeas Corpus, dated/filed 4/27/2015  4pgs

Doc.16- Amended Notice and Acknowledgement of Receipt of Citation and Petition for Writ of Habeas Corpus dated 5/18/2015 filed  3 pgs

Doc.17- Petitioner's Request for Oral Hearing dated/filed 5/18/2015  4 pgs

Doc.18- Affidavit and Request to Enter Default filed 5/4/2015  3 pgs

Doc.19- Request To Enter Default, Affidavit and Request to Enter Default, Entry of Default dated/filed June 15, 2015  6 pgs

Doc.20- Defendant's Motion To Dismiss pursuant to Texas Rules of Civil Procedure, Rule 91a dated/filed May 19, 2015, 11 pgs w/t Exhibits A-C

Doc.21- Plaintiff's Request For Oral Hearing, Plaintiff's Objection To Defendant's Motion To Dismiss and Objection to Defendant's Motion by Submission, date filed June 1, 2015 10 pgs

Doc.22- Motion For Bench Warrant For Request For Oral Hearing date filed June 1, 2015  2 pgs

Doc.23- Order Granting Defendant's Motion To Dismiss, signed July 1, 2015.

Petition for Writ of Mandamus for
Clinton Donald Johns

TO THE JUDGES OF THIS HONORABLE COURT:

COMES NOW, Clinton Donald Johns, Relator, Sui Juris in the above-styled and numbered cause of action and files this Original Petition for Writ of Mandamus in appealing the Order of the 157th District Court for Harris County, Texas, pursuant to Rules of Appellate Procedure, Rule(s) 52. and 44., and would show the Court the following:

## I. Relator

1. Clinton Donald Johns, TDCJ No. 764814, is a prisoner illegally restrained in the Texas Department of Criminal Justice and is appealing by writ of mandamus an Order dismissing relator's habeas corpus. Relator is proceeding Sui Juris, who can be located at 3060 FM 3514, Beaumont, Texas, 77705, Mark W. Stiles Prison.

2. Relator has exhausted his remedies and has no other adequate remedy at law.

3. The act sought to be compelled is ministerial, not discretionary in nature. Tex. Code Crim. Proc. Art.(s) 11.01., 11.05., 11.15., 11.27.-11.36., 11.40., 11.44., 11.61., 11.64.. Relator filed a petition for writ of habeas corpus under these statutes in conjunction with additional statutory and constitutional provisions whereas relator is entitled to habeas relief from illegal restraint and unauthorized punishment. See Doc.(s) 1-10

4. Relator states that these statutes are authorized by the district court's subject-matter jurisdiction, Tex. Const. Art. 5 § 8, whereas the Respondent was required by state law

to do the following:

(a) issue an order commanding William Stephens, to produce your relator at a place and time named in the writ, and show cause why relator is in custody. T.C.C.P. art. 11.01.;

(b) Respondent was to grant the writ without delay after receiving the petition. Art. 11.15. C.C.P.;

(c) Respondent was to allow a reasonable time for the production of relator before the Court. Art. 11.33. C.C.P.;

(d) When service of process was made upon William Stephens and he refused to obey the writ and make the return required by law, Respondent was required to issue a warrant for arrest and bring William Stephens before the court and if he still refused to obey the writ and make return or did not produce relator, William Stephens was to be committed to jail until he is willing to obey the writ and until he pays the costs of the proceeding. Art. 11.34. C.C.P.;

(e) Respondent was further required to initiate a civil action suit at the relator being detained, imposing liability upon William Stephens at fifty dollars for each day of illegal restraint, after receiving service of the writ and disobeying it. It shall be deemed William Stephens disobeyed the writ by detaining relator a longer time than three days after service of the writ. Art. 11.35. C.C.P.;

(f) Respondent was required to issue an order and bring relator before the court for disobedience of the writ. Art. 11.36., 11.61. C.C.P.;

(g) Respondent was required to bring relator before the court to examine the writ and the papers attached to it, to determine if no legal cause can be shown for restraint or imprisonment. Art. 11.40. C.C.P.;

(h) Respondent was required to examine the returns (which was never made), all documents attached, and hear testimony offered from both sides, then according to the facts and circumstances of the case, decide whether to remand, admit to bail, or discharge relator. Art. 11.44. C.C.P.

5. Relator states the above-mentioned duties are state law requirements enacted

by the Legislature. The ministerial duties required by law to be enforced for the purpose of habeas corpus relief from illegal restraint and the means by which such habeas allegations are to be investigated and reviewed, operate upon the subject matter jurisdiction of the court by operation of law and do not involve the exercise of any discretion.

6. The official court record reflects that on April 22, 2015, the citation and original petition for writ of habeas corpus was issued for service of process and notice by operation of law of the 157th district court. See Doc. (s) 11-14

7. No showing of the 'return' is on record, nor was 'return' ever made by William Stephens as required by law. No return made under oath, signed and sworn to. Art. 11.28. - 11.30. C.C.P., whereas Respondent was required by law, after three days of William Stephens having received service of process, to issue order's in compliance with statutes for failure to obey writ and make the return. Art. 11.34. - 11.36., 11.61. C.C.P.

8. The Respondent has failed to issue the writ, in that, relator be brought to the court for a examination and hearing on his habeas claims.

9. Relator further states, this is the second time the respondent willfully refused to 'issue' the required writ and totally ignored clear, binding precedent law. In re Piper, 105 S.W. 3d 107 (Tex. App. - Waco 2003); Ex parte Hargett, 819 S.W. 2d 866 (Tex. Cr. App. 1991.) See Doc. 1-4

10. As aforementioned (see Statement of the Case), relator first sought habeas relief on December 29, 2014. Relator's petition was filed and assigned the 157 district court of the respondent, cause no. 201474191. Respondent refused to issue the writ and granted a Motion to Dismiss filed by William Stephens on February 2, 2015 dismissing relator's habeas claim on February 18, 2015 with prejudice.

11. Relator reapplied for habeas relief in accordance with precedent law. See Doc.1 ; In re Piper, supra., Ex parte Hargett, supra. (The refusal to issue the writ "by one Judge is not conclusive against applicant, for he may apply to another and have the opinion of one or all of the judges as to the legality of his restraint." Ex parte Ainsworth, 27 Tex.731, 732 (1865); Charfull, 945 s.w.2d at 185.)

12. On March 30, 2015, relator reapplied and his petition was assigned to the 152nd district court. On April 1, 2015 an Order for transfer was issued reassigning the petition again to the 157th district court, cause no. 201517750. No notice was given to relator. No written consent was filed by relator, as required by law. T.R.C.P. Rule 255, and in violation of aforementioned precedent law.

13. Relator's right to writ has been again refused, not being opted with the opinion of another judge, but refused by the same judge, respondent, where relator's entitlement to claimed relief is clearly established as a matter of law. In re Piper, supra. ("It is beyond question that [Respondent] has a duty to issue the writ." "Relator's right to the writ is "constitutional" and the granting of it is made an imperative duty by statute." See Justice Gray's Opinion, citing Click v. State, 118 Tex. Crim. 404, 407-08, 39 s.w.2d 39,41 (1931) (also stating "It should be granted without unreasonable delay."))

14. Relator has sought habeas relief twice as directed by precedent law and has no other adequate legal remedy and the act sought to be compelled is purely ministerial under the relevant facts and law. Hill v. Court of Appeals, 34 s.w.3d 924, 927 (Tex. Crim. App. 2001) and it is furthered in In re Piper, supra., that (Requiring him to prepare another petition and find a judge willing to issue the writ Respondent had a ministerial duty to issue is "so uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate." Davis, 990 s.w.2d at 457). Thus, relator has no adequate remedy being precluded from the right to habeas relief a second time, having

made proper petition and motion before a competent court of jurisdiction, conforming with all statutory and constitutional requirements, probable cause being shown, and the granting is made an imperative duty by statute and constitutional right within the subject matter jurisdiction of the court. Click v. State, 118 Tex.Crim.404, 407-08, 39 S.W.2d 39, 41 (1931).

## II. Respondent

15. Respondent, Randy Wilson, in his capacity as Judge of the 157th District Court for Harris County, Texas, has a ministerial duty to issue the writ as required by law. Respondent has a ministerial duty to perform all other duties imposed by law, the subject matter jurisdiction of the court. Dubia v. Kazi, 12 S.W.3d 71 (2000). Relator realleges paragraphs 1-14 above in their entirety with regard to the duties required by law, incorporated by reference.

16. To make the writ of habeas corpus speedy and effectual the Legislature has enacted, inter alia, the general provisions of Chapter Eleven, Code of Criminal Procedure. The Legislature has stated, "Chapter Eleven," applies to all cases of habeas corpus for the enlargement of person illegally held in custody or in any manner restrained in their personal liberty [.]" Article 11.64. Ex parte Banks, 769 S.W.2d 547 (1989).

17. In review of Chapter Eleven, not only are the statutes imposed by law, with regard to relator's habeas claim, and the duties to be performed by respondent, but moreover, Chapter Eleven further states, "The writ of habeas corpus is not invalid, nor shall it be disobeyed for want of form..." Art.11.03. C.C.P., and "Every provision relating to the writ of habeas corpus shall be most favorably construed in order to give effect to the remedy, and protect the rights of the person seeking relief under it." Art.11.04. C.C.P.. In this instance relator's rights have been exploited. Relator's constitutional rights have been denied and not protected, deprived of fundamental fairness from the outset of the proceeding.

## III. Real Party-In-Interest

18. Real party-in-interest, William Stephens, in his capacity as Director for the Texas Department of Criminal Justice, Huntsville, Texas, has a ministerial duty to obey the writ and make return of the writ of habeas corpus as required by law.

19. William Stephens received notice and service of process by citation and original petition for writ of habeas corpus on May 5, 2015. See Doc. 1-5, 11-14. Relator also filed an Amended Notice and Acknowledgement of Receipt of Citation and Petition for Writ of Habeas Corpus on May 18, 2015, again making William Stephens clearly aware of what the requirement's of law were upon receiving relator's writ. See Doc. 15-18.

20. William Stephens did not make the return and obey the writ as required by law. Art. 11.28.-11.30., 11.34. 11.35., 11.61. There is no record shown where action was taken for refusal. Relator also filed a Request to Enter Default, Affidavit and Request to Enter Default, Entry of Default on June 15, 2015. See Doc. 19

21. William Stephens refused to obey the writ and bring relator before the court for hearing the cause. Art. 11.31., 11.32., 11.40., as required by law, therefore, continuing the illegal and unlawful restraint and custody of relator, denying and depriving relator of the fundamental rights and fairness to the habeas relief sought.

22. Relator states that, on May 18, 2015, William Stephens filed a Motion to Dismiss pursuant to T.R.C.P. Rule 91a, in total disregard and contempt of the court, obstructing the administration of the judicial process. William Stephens willfully disobeyed the subject matter jurisdiction of the court. Relator filed an objection to the motion to dismiss on June 1, 2015. See Doc. 20, 21 and made another request for bench warrant for examination and hearing. See Doc. 22

23. William Stephens was required by law to produce relator and appear before the 157th District Court for Harris County, Texas, at 10:00 a.m. on May 8, 2015, three days as required by law after having been served process. Art. 11.01, 11.27.- 11.35., 11.40., but refused to do so.

## IV. Violation of Chapter Eleven of the Texas Code of Criminal Procedure

24. The Respondent, Judge Randy Wilson and Real party-in-interest, William Stephens have violated the Articles of the Texas Code of Criminal Procedure as stated herein, paragraphs 2.-23, realleged and incorporated by reference in their entirety.

25. These articles that were violated are ministerial. In re Piper, supra. ("Ministerial act" requirement is requirement that the relator have "a clear right to relief sought" meaning that the relief sought must be "clear and indisputable" such that its merits are "beyond dispute" with "nothing left to the exercise of judgment of discretion or judgment.")

26. The respondent has a ministerial duty to issue the writ and a duty to ensure that relator receives the examination and hearing required by law, and to enforce and carry out all other statutory and constitutional requirements due to William Stephens refusal to obey the writ and make the proper return.

"Mandamus is available to correct "Judicial action that ignores clear, binding precedent" because "[t]rial judges do not enjoy the freedom to ignore the law.") Kozaki v. Knize, 883 s.w. 2d at 762 (Tex. App.- Waco 1994); In re Piper, supra.; Ex parte Hargett, supra.

27. Relator states, the Texas Constitution guarantees that persons bringing com-

mon-law claims will not unreasonably or arbitrarily be denied access to court. Hogue v. Propath Laboratory, Inc., (App. 2 Dist. 2006) 192 S.W.3d 641. Further stating, citizen bringing common-law cause of action may not be unreasonabley denied access to courts, statute that unreasonably limits justifiable right to obtain redress for injuries caused by another's wrongful act amounts to denial of due process. Willard v. Davis. (App. 2 Dist. 1994) 881 S.W. 2d 907.; Tex. Const. Art. 1, §§ 13, 19.

28. Relator has established by the record, that the respondent has continuously been given notice of what state law requires with respect to the habeas relief sought, and relator's fundamental rights to said relief. The respondent willfully chose to ignore the law & perform clearly ministerial duties. The respondent showed partiality to William Stephens allowing him to file a Motion To Dismiss under T. R. C. P. 91a which is to be used as a challenge to a 'baseless cause of action, in law or fact', whereas the allegations and evidence of record for relator's habeas claim state a claim upon which relief can be granted. Furthermore, the filing of a Motion to Dismiss was to evade, delay, harass relator and by no means excused William Stephens of the imperative duties of law to obey the writ and make the return after being served.

29. Chapter Eleven, Code of Criminal Procedure, did not and do not permit that William Stephens file a motion to dismiss for a baseless cause of action in exchange or as an alternative for William Stephens to produce relator before for the court at a designated time and place, to show cause why William Stephens is holding relator in custody or under restraint. Art. 11.01. C. C. P., To examine the return and all documents attached and hear testimony offered on both sides, (the Relator and William Stephens), Art. 11.28. - 11.35., 11.40., 11.44. C. C. P. is what the Legislature has enacted and is what state law requires, to give effect to the remedy and protect the rights of relator, Art. 11.04., in that it may be speedy and effectual. Tex. Const. Art. 1 § 12, Art. 1.08. C. C. P. Relator has been deprived and denied these rights and remedy. Tex. Const. Art. 1, §§ 13, 19.

30. Relator states, (When an application for writ of habeas corpus is presented in compliance with the statutory procedural requirements fixed by the Legislature, the judiciary, in the exercise of its core functions, is then responsible for resolving the merits of an applicant's substantive claims.) Ex parte Villanueva, 252 S.W. 3d 391 (Tex.Crim.APP. 2008). Relator filed a habeas claim that is not procedurally defective, See Doc.1,2,5,6,7,8,9,10. in accordance with Art.11.64. C.C.P. Relator also filed a Motion To Issue Habeas Corpus See Doc.5 pursuant to Art.11.05.C.C.P., and respondent ignored it, whereas this Motion filed was ministerial, Art.11.05.and imperative in granting it under the rules prescribed by law.

"As a matter of precedent, consideration of a motion properly filed and before the court is ministerial." State ex. rel. Curry. v. Gray, 726 S.W.2d 125, 128 (Tex.Crim. APP.1987); "Writ of habeas corpus cannot be denied, where granting of it is made imperative by statute." Art.11.05.C.C.P. This law has been criticized by both judges and scholars. Nonetheless, it is still the law." In re Piper, supra.

31. Relator has established by the record that William Stephens was continuously given notice of the duties imposed by law upon him, however, he refused to comply.

32. William Stephens, with contempt, impeded and denied Relator the right to redress an injury done to him, by illegal and unlawful restraint, having refused to obey constitutionally and statutorily defined procedure enacted by Legislature for persons seeking habeas relief for illegal restraint.

33. William Stephens in bad faith filed groundless motion for the purpose of harassment. William Stephens after having full notice of the habeas allegations and complaint, and to the best of his knowledge and information and belief formed after a reasonable inquiry, filed an answer stating relator's habeas corpus has no basis in law or fact.

Tex.Rule Civil Proc.Rule 91a Dismissal of Baseless Cause of Action

"..A cause of action has no basis in law if the allegations, taken as true, together

with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." See Doc.20 filed by William Stephens.

34. William Stephens alleges that Relator's right to habeas relief (has no arguable basis in law because relator failed to establish jurisdiction on the Court to entertain the claim.) See Doc.20 at III. 9., pg4. In reviewing the allegations, taken as true, together with inferences reasonably drawn from them, indisputably entitle relator to relief on the basis of jurisdiction. See Doc.1,2,3,4,5,6. Relator established the Court's jurisdiction over the subject-matter, and the subject-matter jurisdiction is shown under the applicable statute. Razo v. Vangas, 355 S.W.3d 866. Pursuant to Art.11.01.C.C.P. the writ of habeas corpus is the remedy to be used when any person is restrained in his liberty. "Jurisdiction" is determined by relator alleging facts that affirmatively demonstrate the court's jurisdiction to hear cause and the documents filed with the petition further invoke its jurisdiction. Art.11.15.C.C.P.; Tex.Crim.APP.1998 Slaton v. State, 981 S.W.2d 208.; "State habeas corpus statute extends to cases where the applicant is in custody or under restraint, and applies to persons who are in any manner restrained in their personal liberty." Ex parte Ormsby (Cr. App. 1984) 676 S.W. 2d 130; Art.11.64.C.C.P.; Tex.Const.Art.5,§8.

35. Relator states that he has standing to seek habeas relief. Relator's standing is based on the statute.

"When standing has been conferred by statute, the statute itself should serve as the proper framework for a standing analysis. In re Sullivan, 157 S.W.3d 911,915 (Tex. APP.-Houston [14 Dist.] 2005)." The Appellate Court must review the trial court's interpretation of applicable statutes de novo. See Johnson v. City of Fort Worth, 774 S.W. 2d 653,656 (Tex.1989). In construing a statute, our objective is to determine and give effect to the legislative intent. See Nat'l Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525,

527(Tex. 2000). In relator's case the Legislature has clearly established its intent to which relator is entitled to habeas relief. Art. 11.01., 11.05., 11.15., 11.23., 11.27.-11.36., 11.40., 11.43., 11.44., 11.61., 11.64., to which Legislature has defined and explicitly outlined the means that is available to relator to seek habeas relief from illegal restraints, what the procedures are, what is required by law to take place, where, when and how long and liability for refusing. "If possible, we must ascertain that intent from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state." Id

36. Relator further states, "If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's word. St. Luke's Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997). We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words the Legislature chose. See id. Source: In re Kevin J. Smith (Tex. APP.-Houston [14th Dist.] July 3, 2008) (Frost) (mandamus) citing TSU v. State Street Bank & Trust. Co., 212 S.W.3d 893 (Tex. APP.-Houston [1st Dist.] 2007)

37. Relator affirmatively demonstrated the courts jurisdiction to hear by the facts alleged, record and document evidence attached and in support of the facts alleged, thereby meeting the standing requirement, taken as true, entitle relator to relief. Art. 11.15. C.C.P.

38. William Stephens filing a motion to dismiss and stating his legal basis on which he holds relator, ... "These four, final felony convictions constitute the legal basis upon which the Director maintains lawful custody of Plaintiff. Necessarily then, the only way Plaintiff could ever obtain physical release from the Director's constructive custody, would be to challenge the force and legal effect of those final judgments." See Doc. 20 at pg 2, no. 2.

39. Relator states that, in this Court reviewing of the record, Relator's allegations and stated facts clearly and concisely establish by precedent law and state law, "Subject-matter jurisdiction is a power that exists by operation of law only, and

cannot be conferred upon any court by consent or waiver, and thus, a judgment will never be considered final if the court lacked subject-matter jurisdiction". Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71 (2000); Tex. APP.- Dallas 2002. Any action taken by court without jurisdiction is void. Hall v. State, 81 S.W.3d 927. However, William Stephens deliberately, with persistance, misrepresents, relator's habeas corpus as final felony conviction - that relator's conviction is final based on "... a publically available printout from the TDCJ- CID website, listing the judgments of conviction...", and, a "Criminal Search Results" from the Harris County District Clerk's website..." See Doc. 20 Ex. A&B, whereas and with respect to clearly binding precedent NO JUDGMENT will ever be final if the court lacked subject-matter jurisdiction. id.

40. Relator further states that the Legislature has enacted Art. 11.43. C.C.P., which states (Art. 11.43 PRESUMPTION OF INNOCENCE. No presumption of guilt arises from the mere fact that a criminal accusation has been made before a competent authority.) Hence, the procedural requirements further enacted by Legislature, Art. 11.44. Action of Court Upon Examination.; Art. 11.32. Custody Pending Examination.; Art. 11.31. Applicant Brought Before Judge.; Art. 11.01. What Writ Is., all of which mandatorily require by law relator's right to not be presumed guilty of the conviction without an examination and hearing as to the legality of the restraint, but must test the legality as are statutorily and constitutionally reserved for habeas relief. And especially in this instance where relator's judgments are not final and are void, thereby relator is illegal restrained in his liberty.

41. The Respondent nor William Stephens looked to the relator's (pleader's) intent, however continued and continue to misrepresent the legal basis of relator's habeas allegations. State law does not allow a judge to formulate an opinion of guilt without a hearing and investigation requiring the production of the person in restraint, with the one who is restraining, the alleged object of restraint in order to show cause

why. Art. 11.01., 11.05., 11.23., 11.27.-11.36., 11.40., 11.43.-11.44., 11.61., 11.64., et seq. Furthermore, this power is not left to the Respondent. (A court's subject-matter jurisdiction traditionally consists of the power, conferred by constitional or statutory provision, to decide the kind of claim alleged in the Plaintiff's petition and to grant relief.) City of Celina v. Dynavest Joint Venture (App. 3 Dist. 2008) 253 S.W. 3d. 399; V.T.C.A. Government Code § 24.008.; Texas Dept. of Parks and Wildlife v. Miranda, 133 S.W. 3d 217, 226 (Tex. 2004).

42. The Respondent and William Stephens further violate 'State Law' whereas, Art. 11.42. state, "Art. 11.42. IF COURT HAS NO JURISDICTION. IF it appear by the return and papers attached that the judge or court has no jurisdiction, such court or judge shall at once remand the applicant to the person from whose custody he has been taken." In this instance, William Stephens Never made any return as required by law after being served with the writ of habeas corpus and obey the same. Art. 11.28.-11.30. William Stephens never obeyed the writ, producing relator before the court for examination and hearing, Art. 11.31., 11.32., 11.40., 11.44. C.C.P.

43. Relator states that pursuant to Art. 11.42., the only means for William Stephens to properly have relator's habeas claim dismissed for alleged lack of jurisdiction would have to be after William Stephens complied with the imperative statutory requirements of law to obey the writ and make return. The outcome of the examination and hearing would determine whether or not the court had jurisdiction. Art. 11.42., 11.31., 11.32., 11.40., 11.44. C.C.P., 'State Law', requires that, "Every provision relating to the writ of habeas corpus shall be most favorably construed in order to give effect to the remedy, and protect the rights of the person seeking relief under it." Art. 11.04. C.C.P.

44. Relator's habeas corpus has been made ineffectual, and left with no remedy at law. Relator's habeas corpus was not favorably construed, nor were his

constitutional rights protected, they have been exploited, and abrogated.

45. The Respondent failed in his ministerial duties required by law to issue the writ required by law after William Stephens refused to obey the writ and make the return required by law. Art. 11.01., 11.28-11.30., 11.34.-11.35., 11.61. C.C.P.

46. The Respondent acted outside of the subject-matter jurisdiction of the 157th District Court by granting the motion to dismiss pursuant to Rule 91a, T.R.C.P., filed by William Stephens, whereas the order granting the motion was in violation of "State Law" and the power of the Court. State law says "If it appear by the return and papers attached that the judge or court has no jurisdiction, such court or judge shall at once remand the applicant to the person from whose custody he has been taken." Art. 11.42. C.C.P.

47. It is clearly established by the Legislature, the intent of the statutory language, that the Respondent was required by law to, (1) have received the return from William Stephens (Art. 11.28-11.30.), (2) examined the return and papers attached (Art. 11.40., 11.44. C.C.P.), heard testimony offered on both sides, shall, according to the facts and circumstances of the case, proceed either to remand the party into custody... (Art. 11.44), which is in accordance with Art. 11.42. IF THE COURT HAS NO JURISDICTION. It is stated by this intent, the legal basis and authority by which the Court would be permitted to issue an order to dismiss for lack of jurisdiction. It is further established that, again, Relator is guaranteed the right to be heard by being present at a hearing on his habeas claims. "When the return of the writ has been made, and applicant brought before the court"... Art. 11.32. C.C.P.

48. The court's record indicates that no return was ever made by William Stephens for the respondent to examine. Relator was never under the safe-keeping of the court pending the examination and hearing. Art. 11.32. Therefore, the Order issued by Respondent granting William Stephen's Motion to Dismiss for Lack of Jurisdiction was outside the Court's jurisdiction, in violation of clearly established State law, in violation of fundamental fairness, depriving relator of habeas relief making the remedy ineffectual.

49. The Respondent further violated the separation of powers doctrine by issuing an advisory opinion. William Stephens Motion to Dismiss pursuant to Rule 91a, T.R.C.P. does not enlarge the court's jurisdiction beyond it statutory requirements as are aforementioned, and the relator's standing is implicit under the Texas Constitution, in the open court provision, Tex. Const. Art. 1 §13, Tex. Ass'n of Bus. v. Air Control Bd., 852 S.W.2d 440 (1993), which contemplates access to courts only for those litigants suffering an injury. Relator's habeas allegations are not hypothetical with regard to illegal and unlawful restraint, being deprived of his liberty.

50. Relator states that, the trial court lacks jurisdiction when legislature has not authorized the trial court to grant relief sought. See IT-Davy, 74 S.W. 3d at 855, 856; see also Ferrell, 248 S.W. 3d at 159. Thus, the trial court was not authorized to grant the motion to dismiss by William Stephens, contrary to and in violation of the statutory requirements of law.

51. Respondent did not comply with the rules of statutory construction, with respect to relator's habeas corpus. Every word within the statute is there for a purpose and should be given its due significance.
    "This fact only underscores our duty to refrain from reading a phrase into the statute when Congress has left it out." [W]here Congress includes

particular language in one section of a statute but omits it in another..., it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion."

Russello v. United States, 464 U.S. 16, 23, 104 S.Ct. 296 (1983)

(ergo: It says what it means. It means what it says.)

52. Relator states that, respondent must interpret all laws consistant with the Legislative intent for which they were originally enacted. To make it speedy and effectual the Legislature has enacted, inter alia, the general provisions of Chapter Eleven, Code of Criminal Procedure. Chapter Eleven, "applies to all cases of habeas corpus for the enlargement of persons illegally held in custody or in any manner restrained in their personal liberty [.]" Art. 11.64. Ex parte Banks, 769 S.W.2d 547 (1989). "Every provision relating to the writ of habeas corpus, shall be most favorably construed in order to give effect to the remedy, and protect the rights of the person seeking relief under it. Art. 11.04. C.C.P.

53. The Respondent and William Stephens' intent, and willful refusal and disregard to perform their ministerial duties, is so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate. In re Davis, 990 S.W.2d at 457 (citing State ex rel Holmes v. Court of Appeals, 885 S.W.2d 389, 394 (Tex. Crim. App. 1994); Kozacki, supra.; In re Piper, supra. The fundamental purpose of law is "definition" and limitation of power.

"And the law is the definition and limition of power." Downes v. Bidwell, 182 U.S. 244 (1901).

54. Relator states that, access to the courts is unquestionably a fundamental constitutional and common law right. Article 1, section 13 of the Texas Constitution forms the nucleus of this right and protection:

The open courts provision specifically guarantees all litigants the right to redress their grievances — to use a popular and correct phrase, the right to have their day in court. This right is a substantial state constitutional right. LeCroy v. Hanlon, 713 S.W.2d 335, 341 (Tex. 1986). This court has a long history of assuring that the right of access remains guaranteed to Texas citizens. TAB v. Air Control Bd., supra.

55. Relator has been deprived of his liberty and denied the right to redress this grievance by petition for writ of habeas corpus for his illegal restraint and unlawful punishment. Relator has followed the instructions of clearly binding precedent law, by reapplying for habeas relief to another court of competent jurisdiction, because the first application was dismissed alleging the court had no jurisdiction to grant habeas relief. This decision was wholly erroneous where the Texas Courts have general jurisdiction to hear claims brought before it. Relators right to habeas relief is established by both constitutional and statutory provisions of the court's subject matter jurisdiction to hear cause and adjudicate.

56. The relator's right to habeas relief are imperative and ministerial duties to be complied with by both the respondent and William Stephens, however, said refused to obey state law and perform their ministerial duties. The acts and omissions committed by them has deprived relator of the right to access the court and petition for redress, his illegal restraint and unlawful punishment. Petition for writ of habeas is the remedy to be used when any person is restrained in his liberty. Relator has been twice denied this remedy and has no other remedy at law to address this grievance.

Therefore, the respondent and William Stephens are in violation of the procedures, ministerial duties and thus the laws of this state. In re Texas Dept. of Trans. (TxDoT) No.06-0289 (Tex. Mar. 9, 2007)(mandamus granted to enforce mandatory venue provision of TTCA)

## Prayer For Relief

## WHEREFORE, PREMISES CONSIDERED, Relator,

Clinton Donald Johns, sui juris, respectfully requests the following:

1. a finding that, Respondent did not perform clearly ministerial duties as required by law and clearly binding precedent law, thereby depriving relator of the constitutional and statutory rights reserved for habeas relief;

2. a finding that, William Stephens did not perform clearly ministerial duties as required by law and clearly binding precedent law, thereby depriving relator of the constitutional and statutory rights reserved for habeas relief;

3. a finding that, the acts and omissions of the Respondent deprived relator of the relief sought and relator has no other adequate remedy;

4. a finding that, the acts and omissions of William Stephens deprived relator of the relief sought and relator has no other adequate remedy;

5. a finding that, the Order issued by Respondent is void, whereas the Order is outside of the authority of the Court and in violation of state law, Art. 11.42. C.C.P. - no return was ever made and no examination and hearing to decide if the allegations and papers attached affirmatively demonstrate the Court's jurisdiction, taken as true by the relator.

6. a finding that, William Stephens received proper notice and service of the citation and petition for writ of habeas corpus pursuant to state law and William Stephens refused to obey the writ of habeas corpus and make return

as required by law. Art. 11.27.-11.35. C.C.P. ;

7. a finding that, William Stephens is liable to a civil action at the suit of relator for fifty dollars each day of illegal detention and restraint as required by law;

8. a finding that, Relator has brought this litigation in good faith and has substantially prevailed;

9. Relator prays for an Order to be issued transferring relator's habeas corpus to another district court, in that relator may recieve an impartial forum, examination and hearing, should this Court remand this case for further proceedings consistant with its Order;

10. Relator prays for an Order granting the habeas corpus relief requested;

11. Relator prays for an Order granting this writ of mandamus;

12. Relator prays for such and further relief as the nature of this cause may require;

July 31, 2015
DATE

Respectfully submitted,

Clinton Donald Johns, #764814
3060 FM 3514
Beaumont, Texas 77705
Mark W. Stiles Prison
Sui Juris, Relator

The State of Texas §
County of Jefferson §

## Affidavit

I hereby certify that the above stated matters in the Petition for Writ of Mandamus are true and correct to the best of my information, knowledge and belief, pursuant to 28 U.S.C.A. § 1746(1).

July 31, 2015
DATE

Clinton Donald Johns, # 764814
3060 FM 3514
Beaumont, Texas 77705
Mark W. Stiles Prison
Sui Juris, Relator

## Verification

I, Clinton Donald Johns, am the Relator, in the above entitled action. I have read the foregoing Petition for Writ of Mandamus. The facts stated therein are within my knowledge and are true and correct, except those matters on information and belief, and, as to those, I believe them to be true and correct.

I declare under penalty of perjury under the laws of the state of Texas that the aforementioned and foregoing is true and correct and complete in accordance with 28 U.S.C.A. § 1746(1).

July 31, 2015
DATE

Clinton Donald Johns, # 764814
3066 FM 3514
Beaumont, Texas 77705
Mark W. Stiles Prison
Sui Juris, Relator

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing, Petition for Writ of Mandamus, was served by placing the same in the United States Mail, postage prepaid, on this the ___31st___ day of ___July___ 2015, addressed to:

Court of Appeals for the First District of Texas
301 Fannin St.
Houston, Texas 77002-2066

Clinton Donald Johns, #764814
3060 FM 3514
Beaumont, Texas 77705
Mark W. Stiles Prison
Sui Juris, Relator

Clerk of the Court
Court of Appeals
    for the
First District of Texas
  301 Fannin St.
  Houston, Texas 77002-2066

Re: In re Clinton Donald Johns, Relator, Petition for Writ of Mandamus

Dear Clerk,
Enclosed is an Original copy of Relator's Petition for Writ of Mandamus, a 'Docketing Statement', for the purpose of this filing. Would you please stamp-date time file this mandamus and bring it to the attention of the Court.

Thank you for your assistance in this matter.

July 31, 2015
DATE

Sincerely,

Clinton Donald Johns, #764814
3060 FM 3514
Beaumont, Texas 77705
Mark W. Stiles Prison
Sui Juris, Relator